IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLE L. THOMAS,<br><br>            Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration;<br><br>            Defendant. | **4:10CV3250**<br><br>**ORDER** |

      This matter is before the court on Plaintiff's motion for attorney's fees, (filing no. 54) and Defendant's objection to that motion, (filing no. 59). For the reasons set forth below, Plaintiff's motion and Defendant's objection will be granted in part and denied in part.

## BACKGROUND

      Plaintiff Nicole Thomas challenged Defendant's decision to partially deny Thomas' request for disability benefits under the Social Security Act ("SSA"). Specifically, Thomas sought review of the Administrative Law Judge's ("ALJ") finding that Thomas was not disabled prior to March 1, 2004, and the ALJ's decision not to reopen a previous application for Social Security benefits that Thomas filed in 2001. The 2001 application was eventually denied and became final and binding as of September 26, 2003. After her initial complaint was filed, Thomas sought to amend that complaint to assert constitutional claims, and she asked the court to exercise its mandamus power regarding the reopening of the 2001 application. This court largely denied Thomas' request, but did remand the case for the very narrow purpose of determining whether Thomas was disabled from September 26, 2003 to March 1, 2004. Filing No. 52.

ANALYSIS

Thomas seeks a recovery of her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The defendant has filed an opposition to this request, arguing Thomas' requested fees should be significantly reduced because Thomas experienced only partial success on her claims.[1]

The EAJA authorizes an award of attorney fees to a successful party in a social security action. 28 U.S.C. § 2412(b). "[W]here the plaintiff achieve[s] only limited success, the district court should award only the amount of fees that is reasonable in relation to the result obtained." Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983); see also Stanfield v. Apfel, 985 F.Supp. 927, 930 (W.D. Mo. 1997)(only awarding attorneys' fees for the claims on which a social security claimant was successful).

Where a party prevails, but is only partially successful, Hensley mandates a two-part inquiry. "First, did the plaintiff fail to prevail on clams that were unrelated to the claims on which [she] succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Hensley, 431 U.S. at 434. When a plaintiff fails on claims for relief that "are based on different facts and legal theories," she is not entitled to a recovery of fees expended on the unrelated unsuccessful claims. Id. at 434-35. Even if all claims are deemed to be "related," the court should consider the result achieved in determining whether the hours spent were reasonable.

> If . . . a plaintiff has achieved only partial or limited success, the product of the hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. . . . [T]he most critical factor is the degree of success obtained.

---

[1] An award of attorney's fees is only available if the government's position was not "substantially justified." 28 U.S.C. § 2412. The government has not challenged Thomas' request for fees based on the grounds that its position was substantially justified thus the court need not address the issue.

Id. at 436.

The applicant has the burden of demonstrating all requested fees are reasonable, and there is no exact formula for determining what amount of attorney fees should be awarded. Hensley v., 461 U.S. at 432-34.

> The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.... [W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the result obtained.

Hensley, 461 U.S. at 436–37.

The court has carefully reviewed the record and the basis for the fees claimed by the plaintiff. Thomas has asserted fees based on 63.05 hours of attorney time, 48.64 of paralegal time, and 6.25 hours of law assistant time. Plaintiff's total requested award is $12,780.80. Much of the reported time was spent on research and drafting the portion of Thomas' briefs regarding amending the complaint and the issues surrounding her attempt to reopen her 2001 application. This includes significant portions of the attorney's and paralegals' time, as well as all of the legal assistant's time.

Thomas argues that all of her claims arose from the same set of facts and were legally interrelated. Thus, she argues that under Hensley, the amount of time spent on her unsuccessful claims should not be automatically struck. This argument is tenuous at best.

Under a very broad interpretation, plaintiff's claims are interrelated. That is, all of the claims addressed Thomas' eligibility for SSI and SSDI benefits. However, her constitutional and mandamus claims to reopen her previous application dealt entirely with procedural issues, while the ALJ's decision finding Thomas was not disabled until March 1, 2004 was based on the substance of Thomas' medical records and the testimony presented at the hearings. A clear delineation between the procedural and substantive claims existed and the procedural claims had very little to do with Thomas medical history or the testimony elicited at the various hearings.

This distinction is readily apparent upon review of the billing records where multiple entries indicate Thomas' attorney and his assistants spent significant time "work[ing] on constitutional claims," "working on [r]eopening issues," and "considering mandamus count concerning unadjudicated claim."  None of these topics have much of a connection with the sole issue on which Thomas was successful – remand for the limited purpose of determining whether she was disabled between September 26, 2003 and March 1, 2004.

However, even if the court agreed that all of Thomas' claims were related, the court can reduce the claimed attorney fees based on her level of success in court.  "A reduced fee award is appropriate if the relief . . . is limited in comparison to the scope of the litigation as a whole." Hensley, 462 U.S. at 437.  Thomas was wholly unsuccessful in her attempts to reopen her previous application and achieved only very limited success on the merits of her case.  That is, she received a remand, but only to determine if she was disabled during a window of approximately 5 months.  Accordingly, her request for fees will be reduced.

Specifically, the court will not enter a judgment against the defendant for the time spent by Thomas' attorney and his staff on the motion to amend Thomas' complaint, the issues addressing the reopening of her previous application, and the constitutional and mandamus issues raised in her briefs.  This includes the vast majority of the time spent on researching and drafting the amended complaint and drafting the reply brief, which contains extensive arguments addressing Thomas' attempt to reopen her previous application.  Accordingly, the total attorney time is reduced to 16.3 hours and paralegal time is reduced to 34.59 hours.  The legal assistant time is excluded.  Based on the rates proposed by counsel,[2] the court finds Thomas is entitled to recover $2,966.60 of attorney fees and $864.75 of paralegal fees for a total award of $3,831.35.

---

[2] The EAJA authorizes a rate of $125 an hour, but the statutory amount may be adjusted for inflation by applying the Consumer Price Index ("CPI").  Johnson v. Sullivan, 919 F.2d 503, 504 (8th Cir. 1990).  Adjusting the rate by the CPI, Thomas' counsel is entitled to an hourly rate of $182.00.  Thomas' counsel employs two paralegals.  He bills one of the paralegal's time at $30.00 an hour and the second paralegal at $15.00 an hour.  The paralegal time has been combined and calculated at a rate of $25 an hour.

Pursuant to Astrue v. Ratliff, 130 S.Ct. 2521 (2010), this amount shall be paid directly to the plaintiff.[3]

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for attorney's fees, (filing no. 54), and Defendant's objection to that motion, (filing no. 59), are granted in part and denied in part; and

2) By separate document, the court will enter judgment for Plaintiff and against Defendant providing that Plaintiff is awarded attorney fees of $3,831.35.

Dated this 9th day of August, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[3] Defendant has acknowledged that it will honor the fee agreement assigning the fee directly to the Thomas' counsel upon Defendant's verification that Thomas does not owe a debt to the United States that is subject to offset.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.